MARSTILLER, J.,
concurring in part, dissenting in part.
I concur with the majority that the trial court neither erred in denying Appellant’s motion in limine or in imposing sentence. Further, I agree Appellant’s statement to police (“I’m not fixing to say nothing about this.”) sufficed to invoke his right to remain silent and is indistinguishable from the statement made in Cuervo. Because the facts do not show Appellant validly waived his right, the trial court should have suppressed Appellant’s subsequent statements.
But I do not find the error harmful and respectfully dissent from the majority opinion on that point. Police interrogating Appellant told him he was about to be charged with rape, robbery and kidnapping because “there would be no other reason why your DNA would be in this girl from 1990.” They neither identified “this girl” nor gave Appellant any details about the crimes. Appellant’s only statements to police in response were:
It wasn’t like I raped this girl or nothing like that. It ain’t like what she’s saying.
[[Image here]]
What could I possibly tell you? We had sex. Just — that’s it.
[[Image here]]
I mean, it ain’t like I raped nobody or kidnapped nobody.
Thereafter he allowed police to swab his cheeks for DNA collection and testing.
The victim testified she was kidnapped and raped. The DNA evidence collected from the victim immediately after the rape matched Appellant’s DNA profile in FDLE’s database. The cheek swab Appellant consented to during the police interview confirmed the match. Testimony established that there is a one-in-900 quadrillion chance the DNA belongs to someone other than Appellant. On the other hand, all the jury heard in Appellant’s taped interrogation was Appellant claiming he had consensual sex with someone in 1990 and unequivocally denying he committed any crime. The statements neither dominated nor became a feature of the prosecutor’s opening statement or closing arguments. The prosecutor mentioned them once in opening. In closing, he argued simply that Appellant’s words were not those of an innocent person and urged *454 the jurors not to let the statements create doubt in their minds. Indeed, the prosecutor posited that the only factual “debate” in the case was whether Appellant used a knife during the rape and kidnapping.
When applying the DiGuilio harmless error test, “[t]he focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict.” State v. DiGuilio, 491 So.2d at 1189. I have no trouble, under the circumstances of this case, concluding that the trial court’s error in admitting Appellant’s statements denying guilt did not contribute to the guilty verdicts. Cf. O'Brien v. State, 56 So.3d 884 (Fla. 1st DCA 2011) (reversing sexual battery convictions where court erred by admitting appellant’s confession obtained in violation of Miranda, and error was not harmless beyond a reasonable doubt because prosecution hinged solely on victim’s testimony and state relied on appellant’s confession to bolster victim’s credibility). Accordingly, I would not reverse Appellant’s convictions and life sentences.